Hadassah M. Reimer, Esq
(Wyo. Bar No. 6-3825)
[*Pro Hac Vice Pending*]
Holland & Hart LLP
P.O. Box 68
Jackson, WY 83001
Tel: 307-734-4517
Fax: 307-739-9544
hmreimer@hollandhart.com

Sarah C. Bordelon
(Nevada Bar No. 14683)
Erica K. Nannini
(Nevada Bar No. 13922)
Holland & Hart LLP
5441 Kietzke Lane, Suite 200
Reno, NV 89511
Telephone: (775) 327-3011
Fax: (775) 786-6179
scbordelon@hollandhart.com
eknannini@hollandhart.com

Laura R. Jacobsen
(Nevada Bar No. 13699)
Ormat Technologies, Inc.
6140 Plumas Street
Reno, NV 89519
Tel: 775-356-9029
Fax: 775-356-9039
ljacobsen@ormat.com

*Attorneys for Defendant-Intervenor-Applicant Ormat Nevada Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE FALLON PAIUTE-SHOSHONE TRIBE and the CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, and JAKE VIALPANDO in his official capacity as Field Manager of the Bureau of Land Management Stillwater Field Office,<br><br>Defendants,<br><br>and<br><br>ORMAT NEVADA INC.,<br><br>Defendant-Intervenor-Applicant. | **Case No. 3:21-cv-00512-LRH-WGC**<br><br>**ORMAT NEVADA INC.'S MOTION TO INTERVENE** |

Ormat Nevada Inc. moves for leave to intervene as a defendant in the captioned action as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2). Alternatively, Ormat Nevada Inc. moves to be permitted to intervene as a defendant pursuant to Fed. R. Civ. P. 24(b). In support of its motion, Ormat Nevada Inc. respectfully refers this Court to its memorandum of points and authorities in support of this motion, the declaration of Paul Thomsen, and a proposed answer attached hereto.

Counsel for Ormat Nevada Inc. contacted counsel for Plaintiffs and Federal Defendants to confer with them concerning its proposed intervention. Counsel for Plaintiffs Center for Biological Diversity and the Fallon Paiute-Shoshone Tribe indicate that their clients decline to take a position until they have reviewed the motion. Counsel for the Federal Defendants states that the Federal Defendants take no position on the motion.

DATED this 20th day of December, 2021.

By: /s/ Erica K. Nannini

Hadassah M. Reimer, Esq.
(Wyo. Bar No. 6-3825)
[*Pro Hac Vice Pending*]
Holland & Hart LLP
P.O. Box 68
Jackson, WY 83001
Tel: 307-734-4517
Fax: 307-739-9544
hmreimer@hollandhart.com

Sarah C. Bordelon
(Nevada Bar No. 14683)
Erica K. Nannini
(Nevada Bar No. 13922)
Holland & Hart LLP
5441 Kietzke Lane, Suite 200
Reno, NV 89511
Telephone: (775) 327-3011
Fax: (775) 786-6179
scbordelon@hollandhart.com
eknannini@hollandhart.com

1

Laura R. Jacobsen
(Nevada Bar No. 13699)
Ormat Technologies, Inc.
6140 Plumas Street
Reno, NV 89519
Tel: 775-356-9029
Fax: 775-356-9039
ljacobsen@ormat.com

*Attorneys for Defendant-Intervenor-Applicant Ormat Nevada Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

Ormat Nevada Inc. ("Ormat") submits this memorandum supporting its motion to intervene as a defendant in this case.

# INTRODUCTION AND BACKGROUND

Ormat seeks to intervene in this action to defend the Bureau of Land Management's ("BLM") Decision Record ("Decision") approving the Dixie Meadows Geothermal Project (the "Project").[1]  Ormat is a leader in geothermal energy production around the world and in the United States, committed to producing clean, renewable power in an environmentally responsible manner.  Decl of Paul Thomsen in Supp. of Ormat's Mot. to Intervene ("Thomsen Decl."), ¶¶ 5-7, Exhibit A.

BLM issued the Decision approving the Dixie Meadows Geothermal Project on November 23, 2021, following years of environmental studies, planning, and public participation.  Thomsen Decl., ¶ 9.  In 2010, Ormat acquired several geothermal leases in the Dixie Valley area of Northern Nevada, which were consolidated into the Dixie Meadows Geothermal Unit Area.  *Id.* ¶ 8.  In 2010 and 2012, BLM completed two separate Environmental Assessments ("EAs") analyzing the potential environmental impacts of geothermal exploration on the leases, including up to 34 well pads and 205.6 acres of surface disturbance.  *Id.*  Since approval of the exploration program, Ormat has drilled nine wells and completed pump tests that indicate a robust geothermal resource in the lease area.  *Id.*

In 2015, Ormat applied to BLM for a geothermal utilization permit to construct the Dixie Meadows Geothermal Project, consisting of two power plants with total power production of up to 60 megawatts ("MW").  *Id.* ¶ 9.  BLM released a draft EA for public comment in 2017.  *Id.*  After substantial revisions to the EA in response to public comment and further development of the Aquatic Resources Monitoring and Mitigation Plan ("ARMMP") in coordination with an interagency technical working group, BLM

---

[1] The Decision and Environmental Assessment are available on BLM's ePlanning webpage at https://eplanning.blm.gov/eplanning-ui/project/75996/570.

3

released a revised draft EA in January 2021 for additional public comment. *Id.* BLM finally approved the Project in the Decision dated November 23, 2021. *Id.*

While BLM's Decision authorizes two power plants totaling up to 60 MW, Ormat will begin by constructing a 12 MW facility. *Id.* ¶ 10. Associated with the power plant facilities, BLM has permitted up to 18 geothermal production and injection well sites. *Id*. However, Ormat anticipates that the existing nine wells already constructed on the site will be sufficient for operations, and no additional wells will be drilled unless necessary to access the geothermal resources. *Id*. The Decision also approves pipelines to carry geothermal fluid between the well fields and the power plants and construction of a 120-kilovolt gen-tie line to transmit power from the facility to the electric grid. *Id.*

Plaintiffs now challenge the Decision, alleging numerous violations of the National Environmental Policy Act ("NEPA"), the Federal Land Policy and Management Act ("FLPMA"), the American Indian Religious Freedom Act ("AIRFA"), the Religious Freedom Restoration Act, and tribal trust responsibilities. Plaintiffs ask the Court to vacate BLM's Decision and enjoin implementation of the Project. Given Ormat's interest in the Project approval and the timely development of its geothermal leases, Ormat meets the standards for intervention as of right under Federal Rule of Civil Procedure 24(a), or for permissive intervention under Federal Rule of Civil Procedure 24(b).

## STANDARDS FOR INTERVENTION

Intervention as a matter of right is governed by Federal Rule of Civil Procedure 24(a), which provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

4

1   The Court uses a four-part test to determine whether a party may intervene as a
2   matter of right: (1) whether the motion is timely; (2) whether the applicant claims an
3   interest related to the property or transaction which is the subject of the action; (3)
4   whether the applicant is so situated that the disposition of the action may, as a practical
5   matter, impair or impede the applicant's ability to protect that interest; and (4) whether
6   the applicant's interest is not adequately represented by the existing parties. *Wilderness*
7   *Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179-80 (9th Cir. 2011) (abandoning the
8   "federal defendant" rule in NEPA cases by ruling that courts no longer need to apply a
9   categorical prohibition on intervention on the merits in NEPA actions). Rule 24(a)(2)
10  "does not require a specific legal or equitable interest." *Id*. at 1179. Rather, "[i]t is
11  generally enough that the interest is protectable under some law, and that there is a
12  relationship between the legally protected interest and the claims at issue." *Id*. (internal
13  quotation marks omitted). Furthermore, an intervenor has sufficient interest in the
14  litigation if "it will suffer a practical impairment of its interests as a result of the pending
15  litigation." *Id*. (internal quotation marks omitted). Although the intervening party has
16  the burden to demonstrate that it meets the four elements, the requirements for
17  intervention are broadly interpreted in favor of intervention. *Prete v. Bradbury*, 438 F.3d
18  949, 954 (9th Cir. 2006); *see also Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810,
19  818 (9th Cir. 2001).
20  Federal Rule of Civil Procedure 24(b) gives the Court discretion to grant
21  permissive intervention to any party who upon timely motion has a claim or defense that
22  shares with the main action a common question of law or fact. The Court, in its
23  discretion, must consider whether such intervention will unduly delay or prejudice the
24  adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

25  **ARGUMENT**

26  Ormat should be granted intervention because it satisfies the substantive
27  requirements for intervention. Ormat's motion is timely; it has a clear, significantly
28  protectable interest in the subject matter of the litigation; its interests will be impaired if

Plaintiffs prevail; and its interests are not adequately represented by existing parties. Federal Rule of Civil Procedure 24 provides for intervention in an action as a matter of right under subsection (a), and permissive intervention under subsection (b). Ormat satisfies both standards under the circumstances of this case.

### A.   Ormat is Entitled to Intervene as of Right.

#### 1.   The Motion is Timely.

Courts weigh three factors to determine whether a motion to intervene is timely: (1) the stage of the proceeding, (2) any prejudice to the other parties, and (3) the reason for and length of any delay. *Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007). A motion is generally considered timely if "made at an early stage of the proceedings, the parties would not have suffered prejudice from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

This case is in the earliest stages. The Federal Defendants have not answered the Complaint and no substantive briefing has occurred. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (holding that a motion to intervene was timely when it "was filed at a very early stage, before any hearings or rulings on substantive matters"). The Complaint (ECF No. 1) was filed on December 15, 2021, just days ago. Ormat's participation will not delay the proceedings or require the Court to alter the schedule. Thus, intervention will not prejudice the parties, and Ormat's motion is timely.

#### 2.   Ormat Has a Significantly Protectable Interest.

To demonstrate a sufficient interest related to the subject of the current action, the applicant must establish a significantly protectable interest that has some relationship with the claims at issue. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). The Ninth Circuit liberally construes Rule 24(a), *see In re Benny*, 791 F.2d 712, 721 (9th Cir. 1986), and has "rejected the notion that Rule

24(a)(2) requires a specific legal or equitable interest." *Cty. of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980); *Wilderness Soc'y*, 630 F.3d at 1179. Rather, the interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Cty. of Fresno*, 622 F.2d at 438 (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

Moreover, the threat of economic injury is a legally protected interest that warrants intervention as a matter of right. *Ass'n of Pub. Agency Customers v. Bonneville Power Admin.*, 733 F.3d 939, 951 (9th Cir. 2013); *see also Utahns for Better Transp. v. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002) (threat of economic injury provides requisite interest); *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1344 (10th Cir. 1978) (potential recipients of licenses for the operation of uranium mills had sufficient interest to intervene in action by environmentalists against government agencies seeking to prohibit issuance of licenses because the outcome of the litigation would have profound economic impact on potential intervenors).

In this case, Ormat has a significant protectable interest in the approval to construct and operate the Dixie Meadows Geothermal Project. Ormat originally leased the Project area for geothermal development in 2010 and 2012. Since then, Ormat has engaged in exploration and identified a robust geothermal resource ripe for development for purposes of producing clean, renewable energy. Thomsen Decl., ¶ 8. Since acquiring the geothermal leases in 2010, Ormat has worked with BLM to obtain approval of the Project, investing at least $68 million in project permitting and compliance so far. Thomsen Decl., ¶ 17. Thus, Ormat clearly has an interest in this challenge to BLM's Decision authorizing the Project.

### 3. Ormat's Interests Could be Impaired or Impeded by the Disposition of this Action.

Third, in determining impairment of an applicant's interest, the Ninth Circuit Court of Appeals follows the "guidance of Rule 24 advisory committee notes that state that 'if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Sw. Ctr. for Biological Diversity*, 268 F.3d at 822 (quoting Fed. R. Civ. P. 24 advisory committee's notes). Ormat's interests would be substantially affected by the determination made in this action. If Plaintiffs are successful and the Project approval is set aside, Ormat will be materially and irreversibly injured. Even a few weeks of delay in construction of this Project—given (1) the protracted permitting process, and (2) the December 2022 deadline for power production under Ormat's current power purchase agreement—may spell disaster for the financial viability of the Project. Thomsen Decl., ¶ 17. Setting aside the Decision and an indefinite delay in subsequent approval would foreclose Project construction and leave the Project in limbo, with Ormat unable to exercise its rights under its valid existing geothermal leases or take advantage of favorable power purchase agreement terms. *Id*. ¶¶ 17-18.

### 4. Ormat's Interests Cannot be Adequately Represented by the Government.

Defendant-Intervenor carries a low burden to show inadequate representation. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). This burden is satisfied if intervenors can demonstrate that representation of their interests *may* be inadequate. *Id*. The Court considers three factors in assessing the inadequacy of representation: (1) if the interest of a present party is such that it will make all of a proposed intervenor's arguments; (2) if the present party is capable and willing to make such arguments; and (3) if a proposed intervenor would offer any necessary elements that other parties would neglect. *Id*.

8

1   Federal Defendants cannot adequately represent Ormat's interests.  The burden
2  for this prong of the test for intervention as of right is "minimal."  *Trbovich v. United*
3  *Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).  In order to protect its unique
4  interests in this litigation, Ormat must have the opportunity to formulate an appropriate
5  litigation strategy and present its own legal arguments.  The Federal Defendants are
6  protecting the public interest at large and not Ormat's specific economic interests.  *Fund*
7  *for Animals, Inc. v. Norton*, 322 F.3d 728, 736-37 (D.C. Cir. 2003) ("[W]e have often
8  concluded that governmental entities do not adequately represent the interests of aspiring
9  [private] intervenors.").  The Federal Defendants must consider a wide spectrum of
10  views when defending this lawsuit and uphold the integrity of federal decision making.
11  The Federal Defendants cannot prioritize preserving Ormat's substantial investments
12  and economic interests in this case.  Thus, Ormat has met its low burden to show
13  inadequate representation by the Federal Defendants to warrant intervention.
14   For the reasons stated above, Ormat respectfully requests that this Court allow it
15  to intervene as a matter of right because the motion is timely, Ormat has significant
16  protectable interests which would be impaired if the Plaintiffs obtain their requested
17  relief, and neither Plaintiffs nor the Defendants can adequately represent Ormat's
18  interests.

### B.  Alternatively, Ormat Is Entitled to Permissive Intervention.

20   Should the Court find that Ormat has not met its burden to show intervention as
21  of right, the Court should grant it permissive intervention.  Pursuant to Federal Rule of
22  Civil Procedure 24(b), the Court is authorized to permit timely intervention of any party
23  that "has a claim or defense that shares with the main action a common question of law
24  or fact."  Further, "[i]n exercising its discretion [to allow permissive intervention], the
25  court must consider whether the intervention will unduly delay or prejudice the
26  adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).
27   If not permitted to intervene as a matter of right, Ormat should be granted
28  permissive intervention because Ormat moved to intervene in a timely manner and has a

claim or defense that shares a common question of law or fact with Plaintiffs' action. Likewise, intervention will not unduly delay or prejudice the pending case under Rule 24(b)(3), given that Ormat's participation will not delay the proceedings or require the Court to alter the schedule.

Ormat has outlined above why it should be permitted to intervene in this proceeding. If Plaintiffs obtain their requested relief, Ormat would suffer economic injury and the loss of substantial company resources. *See, e.g.*, Thomsen Decl., ¶¶ 17-18. Granting Ormat's motion will neither unduly delay nor prejudice any of the original parties' rights. Moreover, permitting Ormat to intervene in this case ensures judicial economy by "involving as many apparently concerned persons as is compatible with efficiency and due process." *Cty. of Fresno*, 622 F.2d at 438 (quoting *Nuesse*, 385 F.2d at 700).

## CONCLUSION

For the foregoing reasons, Ormat respectfully requests that the Court grant its motion and order its intervention in this action (1) as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, (2) permissively pursuant to Rule 24(b).

DATED this 20th day of December, 2021.

By: /s/ Erica K. Nannini
Hadassah M. Reimer, Esq
(Wyo. Bar No. 6-3825)
[*Pro Hac Vice Pending*]
Holland & Hart LLP
P.O. Box 68
Jackson, WY 83001
Tel: 307-734-4517
Fax: 307-739-9544
hmreimer@hollandhart.com

Sarah C. Bordelon
(Nevada Bar No. 14683)
Erica K. Nannini
(Nevada Bar No. 13922)

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

Holland & Hart LLP
5441 Kietzke Lane, Suite 200
Reno, NV 89511
Telephone: (775) 327-3011
Fax: (775) 786-6179
scbordelon@hollandhart.com
eknannini@hollandhart.com
Laura R. Jacobsen
(Nevada Bar No. 13699)
Ormat Technologies, Inc.
6140 Plumas Street
Reno, NV 89519
Tel: 775-356-9029
Fax: 775-356-9039
ljacobsen@ormat.com

*Attorneys for Defendant-Intervenor-Applicant Ormat Nevada Inc.*

## Certificate of Service

I hereby certify that on December 20, 2021, I filed the foregoing using the United States District Court CM/ECF, which caused all counsel of record to be served electronically.

/s/  Erica K. Nannini

**EXHIBIT INDEX**

| EXHIBIT | DESCRIPTION | # OF PAGES |
|---|---|---|
| 1 | Declaration of Paul Thomsen, Ormat Nevada Inc. | 11 |
| 2 | Proposed Answer of Ormat Nevada Inc. | 32 |

17213961_v2