Exhibit  2 –

Proposed Answer of Ormat Nevada Inc.

Hadassah M. Reimer, Esq
(Wyo. Bar No. 6-3825)
[*Pro Hac Vice Pending*]
Holland & Hart LLP
P.O. Box 68
Jackson, WY 83001
Tel: 307-734-4517
Fax: 307-739-9544
hmreimer@hollandhart.com

Sarah C. Bordelon
(Nevada Bar No. 14683)
Erica K. Nannini
(Nevada Bar No. 13922)
Holland & Hart LLP
5441 Kietzke Lane, Suite 200
Reno, NV 89511
Telephone: (775) 327-3011
Fax: (775) 786-6179
scbordelon@hollandhart.com
eknannini@hollandhart.com

Laura R. Jacobsen
(Nevada Bar No. 13699)
Ormat Technologies, Inc.
6140 Plumas Street
Reno, NV 89519
Tel: 775-356-9029
Fax: 775-356-9039
ljacobsen@ormat.com

*Attorneys for Defendant-Intervenor-Applicant*
*Ormat Nevada Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

|  |  |
|---|---|
| THE FALLON PAIUTE-SHOSHONE TRIBE and the CENTER FOR BIOLOGICAL DIVERSITY, | **Case No. 3:21-cv-00512-LRH-WGC** |
| Plaintiffs, | |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, and JAKE VIALPANDO in his official capacity as Field Manager of the Bureau of Land Management Stillwater Field Office, | **ORMAT NEVADA INC.'S [PROPOSED] ANSWER TO PLAINTIFFS' COMPLAINT** |
| Defendants, | |
| and | |
| ORMAT NEVADA INC., | |
| Defendant-Intervenor-Applicant. | |

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

1

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, intervenor-defendant Ormat Nevada Inc. ("Ormat") hereby states the following for its Answer to Plaintiffs' complaint for declaratory and injunctive relief (the "Complaint"), identified as ECF No. 1.

Any factual allegation admitted in Ormat's Answer is admitted only as to the specific fact asserted and not as to any conclusions, characterizations, or inferences drawn therefrom by Plaintiffs.  The denial of any factual allegation may not be construed as an admission of the negative of such allegation.  Ormat denies each and every assertion in the Complaint, except as specifically admitted, qualified, or otherwise responded to herein.  Ormat follows the format of the Complaint for ease of reference only and denies any assertion contained in any heading or other formatting of Plaintiffs' Complaint or inference drawn therefrom.

## INTRODUCTION

1.      Paragraph 1 consists of a summary of the claims and assertions of Plaintiffs' Complaint, which are responded to below and to which no separate response is required. To the extent that a response is deemed necessary, Ormat denies every allegation not specifically admitted below.

2.      Ormat admits that the Dixie Meadows Geothermal Utilization Project ("Project") proposes to build up to two geothermal power plants, up to 18 geothermal wells, access roads, and a transmission line on public lands in north-central Nevada.  The Project Environmental Assessment ("EA") and Decision Record ("Decision") best describe the proposed Project and land uses, and no further response is required.  Ormat admits that Bureau of Land Management ("BLM") approval is necessary to exercise its valid geothermal lease rights on the federal property.

3.      Ormat denies the allegations in the first sentence of Paragraph 3.  The remaining sentences in Paragraph 3 describe Plaintiff Fallon Paiute-Shoshone Tribe's (the "Tribe's") relationship to and use of the Dixie Meadows Hot Springs and surrounding landscape.  Ormat has insufficient information to form a belief as to the truth of the remaining allegations, and, therefore, denies the same.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

4.      The first sentence of Paragraph 4 appears to characterize information in the EA, which speaks for itself and is the best evidence of its content.  The second sentence appears to characterize U.S. Fish and Wildlife Service ("FWS") findings regarding the Dixie Valley Toad, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the EA and FWS findings are denied.

5.      Ormat denies the allegations in Paragraph 5.

6.      Ormat denies the allegations in the first and second sentences of Paragraph 6.  To the extent the third sentence of Paragraph 6 purports to characterize comment letters from Plaintiffs, the FWS, the Nevada Department of Wildlife, and the U.S. Navy, the comment letters speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the referenced comment letters are denied.    Ormat denies the remaining allegations in the third sentence of Paragraph 6.

7.      The second sentence of Paragraph 7 describes the Tribe's relationship to and use of the Dixie Meadows Hot Springs. Ormat has insufficient information to form a belief as to the truth of the allegations in the second sentence of Paragraph 7 and, therefore, denies the same. Ormat denies the remaining allegations in Paragraph 7.

8.      The allegations in Paragraph 8 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

9.      The allegations in Paragraph 9 characterize Plaintiffs' legal conclusions and requests for relief to which no response is required, and to the extent a response is required, Ormat denies the allegations and denies that Plaintiffs are entitled to any relief.

**JURISDICTION**

10.      The allegations of Paragraph 10 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

**VENUE**

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

11.     The allegations of Paragraph 11 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

12.     The allegations of Paragraph 12 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

## PARTIES

13.     The first sentence of Paragraph 13 purports to characterize statements made in a Federal Register notice, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the Federal Register notice are denied. Ormat has insufficient information to form a belief as to the truth of the remaining allegations of Paragraph 13 and, therefore, denies the same.

14.     Ormat has insufficient information to form a belief as to the truth of the allegations of Paragraph 14 and, therefore, denies the same.

15.     Ormat has insufficient information to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, denies the same.

16.     Ormat has insufficient information to form a belief as to the truth of the allegations of Paragraph 16 and, therefore, denies the same.

17.     Ormat has insufficient information to form a belief as to the truth of the allegations in the first, third, and fourth sentences of Paragraph 17 and, therefore, denies the same. Ormat denies the allegations in the second sentence of Paragraph 17.

18.     The allegations of Paragraph 18 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

19.     The allegations of Paragraph 19 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

4

20.     The allegations of Paragraph 20 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

21.     The allegations of Paragraph 21 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

22.     Ormat has insufficient information to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, denies the same.

23.     The allegations of Paragraph 23 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

24.     Ormat has insufficient information to form a belief as to the truth of the allegations of Paragraph 24 and, therefore, denies the same.

25.     Ormat has insufficient information to form a belief as to the truth of the allegations of Paragraph 25 and, therefore, denies the same.

26.     Ormat has insufficient information to form a belief as to the truth of the allegations of Paragraph 26 and, therefore, denies the same.

27.     The allegations of Paragraph 27 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

28.     The allegations of Paragraph 28 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

29.     Admitted.

30.     Admitted.

31.     Admitted.

**LEGAL BACKGROUND**

**A.      The National Environmental Policy Act**

**HOLLAND & HART LLP**
**5441 KIETZKE LANE, SUITE 200**
**RENO, NV 89511-2094**

32.     Paragraph 32 purports to characterize provisions of the National Environmental Policy Act's ("NEPA's") implementing regulations and unidentified case law interpreting NEPA's requirements, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of NEPA's regulations or the applicable case law are denied.

33.     Admitted.

34.     Paragraph 34 purports to characterize provisions of NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of NEPA or the applicable regulations are denied.

35.     Paragraph 35 purports to characterize provisions of NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of the applicable regulations are denied.

36.     Paragraph 36 purports to characterize provisions of NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of the applicable regulations are denied.

37.     Paragraph 37 appears to purport to characterize NEPA's requirements as set out in unidentified case law, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of NEPA, NEPA's regulations, or the applicable case law are denied.

38.     Paragraph 38 appears to purport to characterize NEPA's requirements as set out in unidentified case law, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of NEPA, NEPA's regulations, or the applicable case law are denied.

39.     Paragraph 39 appears to purport to characterize NEPA's requirements as set out in unidentified case law, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of NEPA, NEPA's regulations, or the applicable case law are denied.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

40. Paragraph 40 purports to characterize NEPA's requirements, but in fact constitutes legal argument without any citation to authority. Any allegations contrary to the plain meaning of NEPA, NEPA's regulations, or the applicable case law are denied.

41. Paragraph 41 purports to characterize NEPA's requirements, but in fact constitutes legal argument without any citation to authority. Any allegations contrary to the plain meaning of NEPA, NEPA's regulations, or the applicable case law are denied.

42. Paragraph 42 purports to characterize provisions of NEPA, its implementing regulations, and unidentified case law interpreting NEPA's requirements, all of which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of NEPA, NEPA's regulations, or the applicable case law are denied.

43. Paragraph 43 purports to characterize provisions of NEPA's implementing regulations and unidentified case law interpreting NEPA's requirements, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of NEPA, NEPA's regulations, or the applicable case law are denied.

**B.     The Federal Land Policy and Management Act**

44. Paragraph 44 purports to characterize provisions of the Federal Land Policy and Management Act ("FLPMA"), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of FLPMA are denied.

45. Paragraph 45 purports to characterize provisions of the FLPMA and BLM's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of FLPMA or the BLM regulations are denied.

46. Paragraph 46 purports to characterize provisions of the BLM's Carson City Resource Management Plan ("Carson City RMP"), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of the Carson City RMP are denied.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

47.     Paragraph 47 purports to characterize provisions of the Carson City RMP, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the Carson City RMP are denied.

48.     Paragraph 48 purports to characterize provisions of the Carson City RMP, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the Carson City RMP are denied.

49.     Paragraph 49 purports to characterize provisions of the Carson City RMP, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the Carson City RMP are denied.

50.     Paragraph 50 purports to characterize provisions of the Carson City RMP, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the Carson City RMP are denied.

51.     Paragraph 51 purports to characterize provisions of the Carson City RMP, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the Carson City RMP are denied.

**C.     The Religious Freedom Restoration Act and the American Indian Religious Freedom Act**

52.     Paragraph 52 purports to characterize provisions of the Religious Freedom Restoration Act ("RFRA"), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the RFRA are denied.

53.     Paragraph 53 purports to characterize provisions of the American Indian Religious Freedom Act ("AIRFRA"), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the AIRFA are denied.

**D.     Relevant Policies Concerning Indigenous Sacred Sites**

54.     Paragraph 54 purports to characterize provisions of Executive Order 13007, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of Executive Order 13007 are denied.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

55.     Paragraph 55 purports to characterize provisions of Executive Order 13007, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of Executive Order 13007 are denied.

56.     Paragraph 56 purports to characterize provisions of Joint Secretarial Order 3403, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of Joint Secretarial Order 3403 are denied.

57.     Paragraph 57 purports to characterize provisions of Joint Secretarial Order 3403, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of Joint Secretarial Order 3403 are denied.

58.     Paragraph 58 purports to characterize provisions of Joint Secretarial Order 3403, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of Joint Secretarial Order 3403 are denied.

**E.     November 9, 2021 Inter-Agency Memorandum of Understanding Regarding Protection of Indigenous Sacred Sites.**

59.     Paragraph 59 purports to characterize provisions of a November 9, 2021 Inter-Agency Memorandum of Understanding, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the November 9, 2021 Inter-Agency Memorandum of Understanding are denied.

60.     Paragraph 60 purports to characterize provisions of a November 9, 2021 Inter-Agency Memorandum of Understanding, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the November 9, 2021 Inter-Agency Memorandum of Understanding are denied.

61.     Paragraph 61 purports to characterize provisions of a November 9, 2021 Inter-Agency Memorandum of Understanding, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the November 9, 2021 Inter-Agency Memorandum of Understanding are denied.

62.     Paragraph 62 purports to characterize provisions of a November 9, 2021 Inter-Agency Memorandum of Understanding, which speak for themselves and are the best evidence

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

of their contents.  Any allegations contrary to the plain meaning of the November 9, 2021 Inter-Agency Memorandum of Understanding are denied.

63.     Paragraph 63 purports to characterize provisions of a November 9, 2021 Inter-Agency Memorandum of Understanding, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the November 9, 2021 Inter-Agency Memorandum of Understanding are denied.

**F.      The United States' Trust Duties to the Tribe**

64.     Paragraph 64 purports to characterize principles as set out in unidentified case law, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the applicable case law are denied.

65.     Paragraph 65 purports to characterize principles as set out in unidentified case law, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the applicable case law are denied.

**G.      The Administrative Procedure Act**

66.     Paragraph 66 purports to characterize provisions of the Administrative Procedure Act ("APA"), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the APA are denied.

67.     Paragraph 67 purports to characterize provisions of the APA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the APA are denied.

68.     Paragraph 68 purports to characterize principles set out in unidentified case law interpreting the APA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of the case law are denied.

**FACTUAL BACKGROUND**

**A.      Dixie Meadows and Dixie Hot Springs**

69.     The allegations in Paragraph 69 purport to characterize the springs in the Dixie Valley.  A description of the Dixie Meadows springs is set out in BLM's EA and supporting

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

documents, which are the best evidence of their contents.  Any allegations contrary to BLM's EA and supporting documents are denied.

70.    The allegations in Paragraph 70 purport to characterize the springs in the Dixie Valley.  A description of the Dixie Meadows springs is set out in BLM's EA and supporting documents, which are the best evidence of their contents.  Any allegations contrary to BLM's EA and supporting documents are denied.

71.    The allegations in Paragraph 71 purport to characterize the springs in the Dixie Valley.  A description of the Dixie Meadows springs is set out in BLM's EA and supporting documents, which are the best evidence of their contents.  Any allegations contrary to BLM's EA and supporting documents are denied.

72.    Ormat has insufficient information to form a belief as to the truth of the allegations of Paragraph 72 and, therefore, denies the same.  Although, Ormat admits that BLM has determined that the Dixie Valley Hot Springs is eligible for the National Register of Historic Places, as set out in the EA.

73.    The allegations in Paragraph 73 purport to characterize a passage in a book or pamphlet allegedly printed by the FWS, which is the best evidence of its content.  Any allegations contrary to the plain meaning of the applicable text are denied.

74.    Ormat has insufficient information to form a belief as to the truth of the allegations of Paragraph 74 and, therefore, denies the same.

75.    Ormat has insufficient information to form a belief as to the truth of the allegations of Paragraph 75 regarding the significance of the site for Tribal members and, therefore, denies the same.  Ormat denies the remaining allegations in Paragraph 75.

76.    Ormat has insufficient information to form a belief as to the truth of the allegations of Paragraph 76 regarding the significance of the site for Tribal members and, therefore, denies the same.  The remaining allegations in Paragraph 76 purport to characterize species information available in BLM's EA and supporting documents, which are the best evidence of their contents.  Any allegations contrary to BLM's EA or supporting documents are denied.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

**B.    The Dixie Valley Toad**

77.    The allegations in Paragraph 77 purport to characterize species information available in BLM's EA and supporting documents, which are the best evidence of their contents. Any allegations contrary to BLM's EA or supporting documents are denied.

78.    The allegations in the first and second sentences of Paragraph 78 purport to characterize species information available in BLM's EA and supporting documents, which are the best evidence of their contents. Any allegations contrary to BLM's EA or supporting documents are denied. Ormat has insufficient information to form a belief as to the truth of the allegations in the third sentence of Paragraph 78 and, therefore, denies the same.

79.    The allegations in Paragraph 79 purport to characterize species information available in BLM's EA and supporting documents, which are the best evidence of their contents. Any allegations contrary to BLM's EA or supporting documents are denied.

80.    The allegations in Paragraph 80 purport to characterize unidentified discussions among state and federal agencies, a Nevada Department of Wildlife ("NDOW") petition, and BLM actions, all of which speak for themselves and/or are the best evidence of their contents. Any allegations contrary to the applicable discussions, NDOW petition, or BLM actions are denied.

81.    The allegations in the first sentence of Paragraph 81 purport to characterize species information available in BLM's EA and supporting documents, which are the best evidence of their contents. Any allegations contrary to BLM's EA and supporting documents are denied. Ormat denies the remaining allegations in Paragraph 81.

**C.    The Dixie Meadows Geothermal Utilization Project**

82.    Ormat admits that the Project proposed to build up to two geothermal power plants, up to 18 geothermal wells, access roads, a transmission line, and some associated facilities on public lands in north-central Nevada. The Project EA and Decision best describe the proposed Project and land uses, and no further response is required. To the extent that further response is required, any allegations contrary to the BLM's EA or Decision are denied. Ormat

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

admits that BLM approval is necessary to exercise its valid geothermal lease rights on the federal property.

83.     The allegations in Paragraph 83 purport to characterize Project information available in BLM's EA and supporting documents, which are the best evidence of their contents. Any allegations contrary to BLM's EA or supporting documents are denied.

84.     The allegations in Paragraph 84 purport to characterize Project information available in BLM's EA and supporting documents, which are the best evidence of their contents. Any allegations contrary to BLM's EA or supporting documents are denied.  Ormat affirmatively states that Table 4 of the EA sets out the total area that will be disturbed the Project, including 1,934 acres of temporary disturbance.  Reclamation will occur on 1,823 acres, leaving a total of 111 acres of total disturbance.

85.     The allegations in Paragraph 85 purport to characterize Project information available in BLM's EA and supporting documents, which are the best evidence of their contents. Any allegations contrary to BLM's EA or supporting documents are denied. Ormat denies the characterization of the noise and light impacts in the final sentence of Paragraph 85.

86.     Admitted.

**D.      The Center's September 18, 2017 Listing Petition and Positive 90-Day Finding**

87.     Paragraph 87 purports to characterize Plaintiff the Center for Biological Diversity's ("CBD's") petition to the FWS to list the Dixie Valley Toad, which petition speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the petition are denied.

88.     Paragraph 88 purports to characterize CBD's petition to the FWS to list the Dixie Valley Toad, CBD comment letters, and an unidentified document cited therein, which petition, comment letter, and applicable document speak for themselves and are the best evidence of their contents.  Any allegations contrary to the contents of the petition, comment letters, and applicable document are denied.  Moreover, Ormat denies Plaintiffs' characterization of the impacts of other unidentified geothermal projects throughout Paragraph 88 to the extent the paragraph may reference prior Ormat projects.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

89.     Paragraph 89 purports to characterize the contents of a technical memorandum CBD submitted to the BLM, which speaks for itself and is the best evidence of its contents. Ormat denies the substantive allegations in the technical memorandum.

90.     Paragraph 90 purports to characterize CBD's petition to list the Dixie Valley Toad, along with BLM statements and actions, all of which petition speak for themselves and are the best evidence of their contents.  Any allegations contrary to the content of the petition or BLM's statements and actions are denied.  Ormat denies Plaintiffs' characterization of the impacts of other Ormat geothermal projects in both the petition and Paragraph 90.

91.     Paragraph 91 purports to characterize CBD's petition to list the Dixie Valley Toad, which petition speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the petition are denied.  Ormat denies the substantive allegations in the petition.

92.     Paragraph 92 purports to characterize CBD's petition to list the Dixie Valley Toad, which petition speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the petition are denied.

93.     Paragraph 93 purports to characterize a June 26, 2018 FWS finding, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the FWS finding are denied.

94.     To the extent the allegations in Paragraph 94 purport to characterize the nature of a case before the U.S. District Court for the District of Columbia, the relevant case law speaks for itself and is the best evidence of its contents.  Any allegations contrary to the applicable case law are denied.  The remaining allegations of Paragraph 94 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

E.      **The BLM's May 9, 2017 Draft EA**

95.     Ormat admits that the BLM issued a Draft EA for the Project in May 2017.  The remaining allegations in Paragraph 95 purport to characterize the 2017 Draft EA, which speaks

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

1   for itself and is the best evidence of its contents.  Any allegations contrary to the content of the

2   EA are denied.

3       96.     Paragraph 96 purports to characterize the 2017 Draft EA, which speaks for itself

4   and is the best evidence of its contents.  Any allegations contrary to the content of the EA are

5   denied.

6       97.     Paragraph 97 purports to characterize the 2017 Draft EA, which speaks for itself

7   and is the best evidence of its contents.  Any allegations contrary to the content of the EA are

8   denied.

9       98.     Paragraph 98 purports to characterize the 2017 Draft EA and BLM actions, which

10  speak for themselves and/or are the best evidence of their contents.  Any allegations contrary to

11  the content of the EA or inconsistent with BLM's actions are denied.

12      99.     The allegations of Paragraph 99 characterize Plaintiffs' legal conclusions to which

13  no response is required, and to the extent a response is required, Ormat denies the allegations.

14      100.    Paragraph 100 purports to characterize the 2017 Draft EA, which speaks for

15  itself and is the best evidence of its contents.  Any allegations contrary to the content of the EA

16  are denied.  Plaintiffs' characterizations of the 2017 Draft EA also amount to legal conclusions

17  to which no response is required, and to the extent a response is required, Ormat denies the

18  allegations.

19      101.    Paragraph 101 purports to characterize the 2017 Draft EA, which speaks for

20  itself and is the best evidence of its contents.  Any allegations contrary to the content of the EA

21  are denied.

22      102.    Paragraph 102 purports to characterize the contents of Plaintiffs' comment letters

23  and a supporting document regarding the 2017 Draft EA, which speak for themselves and are the

24  best evidence of their contents.  Any allegations contrary to the contents of the applicable

25  comment letters and supporting document are denied.  Ormat further denies the substantive

26  allegations and legal conclusions in Plaintiffs' comment letters and the applicable supporting

27  document.

28

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

103.    Paragraph 103 purports to characterize the contents of an EA prepared for a separate project and CBD's comment letter on the 2017 Draft EA, both of which speak for themselves and are the best evidence of their contents. Any allegations contrary to the contents of the applicable EA or comment letters are denied.  Ormat further denies the substantive allegations and legal conclusions in Plaintiffs' comment letters.

104.    Paragraph 104 purports to characterize the contents of the Tribe's comment letter on the 2017 Draft EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the contents of the applicable comment letter are denied.  Ormat further denies the substantive allegations and legal conclusions in the Tribe's comment letter regarding the impacts of the Project.

105.    Paragraph 105 purports to characterize the contents of a supporting technical memorandum attached to the Tribe's comment letter on the 2017 Draft EA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the contents of the applicable memorandum are denied.  Ormat further denies the substantive allegations and legal conclusions in the technical memorandum.

106.    Paragraph 106 purports to characterize the contents of the CBD's comment letter on the 2017 Draft EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the contents of the applicable comment letter are denied.  Ormat further denies the substantive allegations and legal conclusions in CBD's comment letters.

107.    Paragraph 107 purports to characterize the contents of FWS and NDOW comment letters on the 2017 Draft EA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the content of the letters are denied.

**F.    The BLM's Revised Draft EA and Aquatic Resources Monitoring and Mitigation Plan**

108.    Ormat admits that the BLM issued a Revised Draft EA in January 2021.  The remaining allegations of Paragraph 108 purport to characterize the 2021 Revised Draft EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the EA are denied.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

109.    The allegations in the first sentence of Paragraph 109 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.  The second sentence of Paragraph 109 purports to characterize the contents of a FWS comment letter on the 2021 Revised Draft EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the contents of the applicable comment letter are denied.  Ormat affirmatively denies that the ARMPP is not a fully developed mitigation protocol.  The last two sentences of Paragraph 109 purport to characterize the 2021 Revised Draft EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the 2021 Revised Draft EA are denied.  Ormat affirmatively states that it has engaged in baseline data collection for over two years in the Project area.

110.    The allegations in Paragraph 110 purport to characterize the January 2021 Draft Aquatic Resources Monitoring and Mitigation Plan ("January 2021 ARMMP"), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the January 2021 ARMMP are denied.  The allegations in the first sentence of Paragraph 110 also characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.  Ormat denies the allegations in the final sentence of Paragraph 110.

111.    The allegations in Paragraph 111 purport to characterize the January 2021 ARMMP, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the January 2021 ARMMP are denied.

112.    The allegations in Paragraph 112 purport to characterize the January 2021 ARMMP, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the January 2021 ARMMP are denied.

113.    The allegations in Paragraph 113 purport to characterize the January 2021 ARMMP, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the January 2021 ARMMP are denied.  Ormat denies the allegations in the final sentence of Paragraph 113.

17

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

114.    The allegations in Paragraph 114 purport to characterize the January 2021 ARMMP, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the January 2021 ARMMP are denied.  Ormat denies the characterization of the timeframes for mitigations that Plaintiffs state, allegedly from the January 2021 ARMMP.  Ormat also denies the allegations in the third sentence of Paragraph 114.

115.    The allegations in the first three sentences of Paragraph 115 purport to characterize the January 2021 ARMMP, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the January 2021 ARMMP are denied.  Ormat denies the remaining allegations in Paragraph 115.

116.    The allegations in Paragraph 116 purport to characterize the January 2021 ARMMP, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the January 2021 ARMMP are denied.  The final sentence purports to characterize comments from Plaintiffs, FWS, NDOW, and the Navy on the 2021 Draft EA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the contents of the applicable comment letters are denied.

117.    The allegations in the first sentence of Paragraph 117 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.  The remaining allegations of Paragraph 117 purport to characterize the January 2021 ARMMP, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the January 2021 ARMMP are denied.

118.    The allegations in Paragraph 118 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

119.    The allegations in the first sentence of Paragraph 119 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.  The remaining allegations of Paragraph 119 purport to characterize the 2021 Draft EA and January 2021 ARMMP, which speak for themselves and are

the best evidence of their contents.  Any allegations contrary to the content of the 2021 Draft EA or January 2021 ARMMP are denied.

120.    The allegations in the first two sentences of Paragraph 120 purport to characterize the January 2021 ARMMP and 2021 Draft EA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the content of the January 2021 ARMMP are denied.  The remaining portions of Paragraph 120 are legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

121.    The allegations in the first sentence of Paragraph 121 purport to characterize the 2021 Draft EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the 2021 Draft EA are denied.  The remaining allegations of Paragraph 121 are legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

122.    The allegations in Paragraph 122 purport to characterize the contents of Plaintiffs' comment letters and supporting documents regarding the 2021 Draft EA and January 2021 ARMMP, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the contents of the comment letters and supporting documents are denied. Ormat further denies the substantive allegations and legal conclusions in Plaintiffs' comment letters and supporting documents.

123.    The allegations in Paragraph 123 purport to characterize the contents of the Tribe's comment letter regarding the 2021 Draft EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the contents of the applicable comment letter are denied.  Ormat further denies the substantive allegations and legal conclusions in the Tribe's comment letters.

124.    The allegations in Paragraph 124 purport to characterize the contents of the Tribe's comment letter regarding the 2021 Draft EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the contents of the applicable comment letter are denied.  Ormat further denies the substantive allegations and legal conclusions in the Tribe's comment letter.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

19

125.     The allegations in Paragraph 125 purport to characterize the contents of comment letters from "interested parties" regarding the 2021 Draft EA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the contents of the applicable comment letters are denied.

126.     The allegations in Paragraph 126 purport to characterize the contents of CBD's and FWS's comment letters and supporting documents regarding the 2021 Draft EA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the contents of the applicable comment letters or supporting documents are denied.  Ormat further denies the substantive allegations and legal conclusions in CBD's comment letter and supporting documents.  The final sentence of Paragraph 126 characterizes Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

127.     The allegations in Paragraph 127 purport to characterize the contents of a FWS comment matrix regarding the 2021 Draft EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the contents of the applicable comment matrix are denied.  Ormat further denies the substantive allegations and legal conclusions Plaintiffs attribute to the FWS comment matrix.

128.     The allegations in Paragraph 128 purport to characterize the contents of several comment letters regarding the 2021 Draft EA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the contents of the applicable comment letters are denied.  Ormat further denies the substantive allegations and legal conclusions Plaintiffs attribute to the comment letters.

129.     The allegations in Paragraph 129 purport to characterize comments by Dr. Myers on the 2021 Draft EA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the contents of the applicable comments are denied.  Ormat further denies the substantive allegations and legal conclusions Plaintiffs attribute to the comments.

130.     The allegations in Paragraph 130 purport to characterize comments by the FWS on the 2021 Draft EA, which speak for themselves and are the best evidence of their contents.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

20

Any allegations contrary to the contents of the applicable comment letter are denied.  Ormat further denies the substantive allegations and legal conclusions Plaintiffs attribute to the comments.

131.    The allegations in Paragraph 131 purport to characterize comments from NDOW on the 2021 Draft EA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the contents of the applicable comment letter are denied.  Ormat further denies the substantive allegations and legal conclusions Plaintiffs attribute to the comments.  Ormat further denies the allegations in the fourth sentence of Paragraph 131.

132.    The allegations in Paragraph 132 purport to characterize comments from the Navy on the 2021 Draft EA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the contents of the applicable comment letter are denied. Ormat denies the substantive allegations and legal conclusions Plaintiffs attribute to the comments.

133.    Paragraph 133 purports to characterize the 2021 Revised Draft EA and the 2017 Draft EA, both of which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the contents of either EA are denied.

134.    The allegations in the first and second sentences of Paragraph 134 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.  The remaining allegations in Paragraph 134 purport to characterize the 2021 Draft EA, comments from the FWS on the 2021 Draft EA, and Churchill County actions, all of which speak for themselves and/or are the best evidence of their contents. Any allegations contrary to the contents of the 2021 Draft EA or the applicable comment letter or inconsistent with Churchill County's actions are denied.  Ormat further denies the substantive allegations and legal conclusions Plaintiffs' attribute to the FWS comment.

135.    The allegations in Paragraph 135 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.  The remaining allegations in Paragraph 135 characterize Plaintiffs' requests to the BLM, which speak for themselves or are the best evidence of their contents.

21

136. Ormat admits that BLM provided a 30-day public comment on the 2021 Revised Draft EA. Ormat denies the allegations in the final sentence of Paragraph 136 as NEPA regulations allow interested parties to comment at any time, regardless of a formal public comment period.

**G.    The National Historic Preservation Act "Section 106" Memorandum of Agreement ("MOA")**

137. Admitted.

138. The allegations in Paragraph 138 purport to characterize the Section 106 MOA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the content of the MOA are denied.

139. The allegations in the first and third sentences of Paragraph 139 purport to characterize the Section 106 MOA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the content of the Section 106 MOA are denied. Ormat has insufficient information to form a belief as to the truth of the allegations in the second sentence of Paragraph 139 and, therefore, denies the same. The final sentence in Paragraph 139 purports to characterize a September 15, 2021 letter from the Tribe to BLM, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the content of the applicable letter are denied. Ormat further denies the substantive allegations and legal conclusions Plaintiffs attribute to the letter.

**H.    The BLM's November 23, 2021 Final EA, Finding of No Significant Impact, and Decision Record**

140. Ormat has insufficient information to form a belief as to the truth of the allegations in Paragraph 140 and, therefore, denies the same.

141. Ormat admits that the EA, Finding of No Significant Impact ("FONSI"), and Decision Record were finalized on November 23, 2021. Ormat has insufficient information to form a believe as to the remaining allegations in Paragraph 141 and, therefore, denies the same.

142. The allegations in the first and second sentences of Paragraph 142 purport to characterize the Final EA and the 2021 Draft EA, both of which speak for themselves and are the

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

best evidence of their contents.  Any allegations contrary to the content of the Final EA or the 2021 Draft EA are denied.  The allegations in the third sentence characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

143.     The allegations in the first sentence of Paragraph 143 purport to characterize the Final EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the content of the Final EA are denied.  The allegations in the second sentence characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

144.     The allegations in the first sentence of Paragraph 144 purport to characterize the Final EA and 2021 Draft EA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the content of the Final EA or 2021 Draft EA are denied. The allegations in the second sentence characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

145.     The allegations in the second sentence of Paragraph 145 purport to characterize the Final EA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the contents of the Final EA are denied.  The remaining allegations in Paragraph 145 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

146.     The allegations in Paragraph 146 purport to characterize the final Aquatic Resources Monitoring and Mitigation Plan ("ARMMP"), the January 2021 ARMMP, and comments on the ARMMP, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the content of the ARMMP or the applicable comments are denied.  Ormat further denies the substantive allegations and legal conclusions Plaintiffs attribute to the comments.

147.     The allegations in Paragraph 147 purport to characterize the Final EA, ARMMP, and January 2021 ARMMP, which speak for themselves and are the best evidence of their

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

contents.  Any allegations contrary to the content of the Final EA, ARMMP, or January 2021 ARMMP are denied.

148.    The allegations in Paragraph 148 purport to characterize the ARMMP and January 2021 ARMMP, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the content of the ARMMP and January 2021 ARMMP are denied. Ormat denies the substantive allegations and legal conclusions Plaintiffs attribute to the ARMMP and January 2021 ARMMP.

149.    The allegations in the first two sentences of Paragraph 149 purport to characterize the ARMMP and January 2021 ARMMP, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the ARMMP and January 2021 ARMMP are denied.  The remaining allegations of Paragraph 149 are legal argument and conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

150.    The allegations in the first three sentences of Paragraph 150 purport to characterize the ARMMP and January 2021 ARMMP, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the ARMMP and January 2021 ARMMP are denied.  The remaining portions of Paragraph 150 are legal argument and conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

151.    The allegations in the first sentence of Paragraph 151 purport to characterize the ARMMP and January 2021 ARMMP, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the ARMMP and January 2021 ARMMP are denied.  The remaining portions of Paragraph 151 are denied.

152.    The allegations in the first, second, and final sentences of Paragraph 152 purport to characterize the ARMMP, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of the ARMMP are denied.  The remaining allegations of Paragraph 152 are legal argument and conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

153.     Regarding the allegations in the first sentence of Paragraph 153, the terms "novel" and "unverified" are ambiguous and Ormat therefore denies the allegations. The remaining allegations in Paragraph 153 purport to characterize the ARMMP, the January 2021 ARMMP, and the administrative record, which requires no response as the ARMMP, January 2021 ARMMP, and the administrative record speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of the ARMMP, January 2021 ARMMP, or the administrative record are denied.

154.     The allegations in Paragraph 154 purport to characterize the ARMMP and the January 2021 ARMMP, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of the ARMMP and January 2021 ARMMP are denied.

155.     The allegations in the first two sentences of Paragraph 155 purport to characterize the FONSI, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of the FONSI are denied. Ormat denies the allegations in the third sentence of Paragraph 155.

156.     The allegations in the first three sentences of Paragraph 156 purport to characterize the FONSI, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of the ARMMP are denied. The remaining portions of Paragraph 156 are legal argument and conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

157.     The allegations in the first sentence of Paragraph 157 purport to characterize the FONSI and Decision Record, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of the FONSI or Decision Record are denied. Ormat has insufficient information to form a belief as to the truth of the allegations in the second sentence, and therefore denies the same.

158.     Admitted.

159.     The allegations in Paragraph 159 purport to characterize the Decision Record, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of the Decision Record are denied.

160.     The allegations in the first two sentences of Paragraph 160 purport to characterize the Decision Record, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of the Decision Record are denied.  The remaining portions of Paragraph 160 are legal argument and conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

161.     The allegations in Paragraph 161 purport to characterize the Decision Record and FONSI, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the Decision Record or FONSI are denied.

**FIRST CLAIM FOR RELIEF (NEPA and APA Violation)**

162.     Ormat resubmits its answers to Paragraphs 1–161 of Plaintiffs' Complaint.

163.     Paragraph 163 purports to characterize provisions of NEPA's implementing regulations and unidentified case law interpreting NEPA's requirements, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of NEPA's regulations or the applicable case law are denied.

164.     The allegations of Paragraph 164 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

165.     Paragraph 165 purports to characterize provisions of NEPA, NEPA's implementing regulations, and unidentified case law interpreting NEPA's requirements, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of NEPA, NEPA's implementing regulations, or the applicable case law are denied.

166.     The allegations of Paragraph 166 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

26

167.     Paragraph 167 purports to characterize provisions of NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of NEPA's regulations are denied.

168.     The allegations of Paragraph 168 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

169.     Paragraph 169 purports to characterize provisions of NEPA and NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of NEPA or NEPA's regulations are denied.

170.     The allegations of Paragraph 170 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

171.     Paragraph 171 purports to characterize provisions of NEPA and NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of NEPA or NEPA's regulations are denied.

172.     The allegations of Paragraph 172 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

173.     The allegations of Paragraph 173 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

**SECOND CLAIM FOR RELIEF (FLPMA and APA Violation)**

174.     Ormat resubmits its answers to Paragraphs 1–173 of Plaintiffs' Complaint.

175.     Paragraph 175 purports to characterize provisions of the FLPMA and BLM's implementing regulations, which speak for themselves and are the best evidence of their

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

contents.  Any allegations contrary to the plain meaning of FLPMA or the BLM regulations are denied.

176.   Paragraph 176 purports to characterize provisions of the Carson City RMP, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the Carson City RMP are denied.

177.   The allegations of Paragraph 177 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

178.   The allegations of Paragraph 178 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

**THIRD CLAIM FOR RELIEF (AIRFA Policy and APA Violation)**

179.   Ormat resubmits its answers to Paragraphs 1–178 of Plaintiffs' Complaint.

180.   Ormat admits that BLM has determined that the Dixie Valley Hot Springs is eligible for the National Register of Historic Places, as set out in the EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of the EA are denied.

181.   The allegations in the first clause of the sentence in Paragraph 181 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.  The remaining allegations of the sentence in Paragraph 181 purport to characterize provisions of AIRFA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of AIRFA are denied.

182.   The allegations in the first clause of the sentence in Paragraph 182 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.  The remaining allegations of the sentence in Paragraph 182 purport to characterize provisions of AIRFA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of AIRFA are denied.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

183.    The allegations in the first clause of the sentence in Paragraph 183 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.  The remaining allegations in the sentence in Paragraph 183 purport to characterize provisions of Secretarial Order 3404, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the Order are denied.

184.    The allegations in the first clause of the sentence in Paragraph 184 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.  The remaining allegations in the sentence in Paragraph 184 purport to characterize provisions of a November 9, 2021 Inter-Agency MOU, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of the MOU are denied.

185.    The allegations of Paragraph 185 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

186.    The allegations of Paragraph 186 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

**FOURTH CLAIM FOR RELIEF (RFRA Violation)**

187.    Ormat resubmits its answers to Paragraphs 1–186 of Plaintiffs' Complaint.

188.    Ormat has insufficient information to form a belief as to the truth of the allegations in Paragraph 188, and, therefore, denies the same.

189.    The allegations of Paragraph 189 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

190.    The allegations of Paragraph 190 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

29

191.    The allegations of Paragraph 191 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

192.    The allegations of Paragraph 192 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

193.    The allegations of Paragraph 193 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

**FIFTH CLAIM FOR RELIEF (Tribal Trust Responsibilities)**

194.    Ormat resubmits its answers to Paragraphs 1–193 of Plaintiffs' Complaint.

195.    The allegations of Paragraph 195 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

196.    The allegations of Paragraph 196 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Ormat denies the allegations.

**PRAYER FOR RELIEF**

The remainder of Plaintiffs' Complaint consists of Plaintiffs' prayer for relief, to which no response is required.  Insofar as a response is required, Ormat denies that Plaintiffs are entitled to any relief whatsoever.

**GENERAL DENIAL**

Ormat hereby denies all allegations, whether express or implied, including any allegations reflected in section headings, in Plaintiffs' Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

A.    Plaintiffs fail to state a claim upon which relief may be granted.

B.    Plaintiffs lack standing to assert some or all of their claims.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

30

C.     Some or all of Plaintiffs' claims are barred by statute.

D.     Some or all of Plaintiffs' claims are barred by the ripeness doctrine.

E.     Some or all of Plaintiffs' claims are barred because they failed to exhaust administrative remedies.

F.     Ormat incorporates by reference the defenses asserted or to be asserted in forthcoming filings by any other defendant to this action.

DATED this 20th day of December, 2021.


By:  /s/ Erica Nannini
Hadassah M. Reimer, Esq
(Wyo. Bar No. 6-3825)
[*Pro Hac Vice Pending*]
Holland & Hart LLP
P.O. Box 68
Jackson, WY 83001
Tel: 307-734-4517
Fax: 307-739-9544
hmreimer@hollandhart.com

Sarah C. Bordelon
(Nevada Bar No. 14683)
Erica K. Nannini
(Nevada Bar No. 13922)
Holland & Hart LLP
5441 Kietzke Lane, Suite 200
Reno, NV 89511
Telephone: (775) 327-3011
Fax: (775) 786-6179
scbordelon@hollandhart.com
eknannini@hollandhart.com

Laura R. Jacobsen
(Nevada Bar No. 13699)
Ormat Technologies, Inc.
6140 Plumas Street
Reno, NV 89519
Tel: 775-356-9029
Fax: 775-356-9039
ljacobsen@ormat.com

*Attorneys for Defendant-Intervenor-Applicant Ormat Nevada Inc.*

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

31

**<u>Certificate of Service</u>**

I hereby certify that on December 20, 2021, I filed the foregoing using the United States District Court CM/ECF, which caused all counsel of record to be served electronically.

<u>/s/  Erica K. Nannini</u>

17921815_v3

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094